IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLAXOSMITHKLINE LLC,
SMITHKLINE BEECHAM (CORK)
LIMITED,

   Plaintiffs,

v.               Civil Action No. 14-878-LPS-CJB

TEVA PHARMACEUTICALS USA, INC.,

   Defendant.

---

GLAXOSMITHKLINE LLC,
SMITHKLINE BEECHAM (CORK)
LIMITED,

   Plaintiffs,

v.               Civil Action No. 14-877-LPS-CJB

GLENMARK GENERICS INC., USA,

   Defendant.

## **MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Burke issued a 22-page Report and Recommendation (the "Report") (C.A. No. 14-877[1] D.I. 38), dated April 22, 2015, recommending that Defendant Glenmark Inc., USA ("Glenmark") and Teva Pharmaceuticals USA, Inc.'s ("Teva") (collectively, "Defendants") motion to dismiss Plaintiffs GlaxoSmithKline LLC ("GSK") and SmithKline Beecham (Cork) Limited's (collectively, "Plaintiffs") First Amended Complaints ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 18) ("Motions") be granted with

---

[1]Unless otherwise noted, all citations to the docket are to C.A. No. 14-877-LPS-CJB.

1

respect to a portion of Plaintiffs' claims for induced infringement and be denied with respect to another portion of the claims for induced infringement and also denied with respect to Plaintiffs' claims for contributory infringement;

WHEREAS, on May 11, 2015, Defendants objected to the Report's recommendation to deny dismissal of the claims for contributory infringement ("Objections") (D.I. 42);

WHEREAS, on May 29, 2015, Plaintiffs responded to the Objections (D.I. 48);

WHEREAS, the Court has considered the Motions *de novo*, as they present case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' Objections (D.I. 42) are OVERRULED, Judge Burke's Report (D.I. 39) is ADOPTED, and Defendants' Motions (D.I. 18; C.A. No. 14-878 D.I. 20) are GRANTED-IN-PART and are DENIED-IN-PART, to the same extent as recommended by the Report.

2. The Court agrees with the Report that the FACs state plausible claims that Defendants contribute to infringement of the patent-in-suit. The only dispute is whether the FACs contain adequate allegations that Defendants' drug products have no substantial non-infringing uses. It is undisputed that there are non-infringing uses for Defendants' products. Nonetheless, taking Plaintiffs' well-pleaded factual allegations as true (including that the "vast majority" of use will be for infringing purposes, that use for treatment of other disorders is relatively rare) and drawing all reasonable inferences therefrom in Plaintiffs' favor, the FACs plausibly allege that, just as Plaintiffs' product is used in a manner coming within the scope of the claims, so, too, do the intended uses of Defendants' products. The Court agrees with

Plaintiffs that much of what Defendants argue in their Objections "are points to be raised at trial or in a summary [judgment] motion" and are not amenable to resolution at the pleadings stage. (D.I. 48 at 6) The Court further agrees that Defendants' contention regarding the import of treatment regimens lasting less than six months does not illustrate any deficiency in the pleadings, although it might suggest a dispute requiring resolution during the claim construction process. (*See id.* at 9)

August 10, 2015
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT