IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXOSMITHKLINE LLC and SMITHKLINE BEECHAM (CORK) LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> GLENMARK PHARMACEUTICALS INC., USA, <br><br> Defendant. | ) ) ) ) ) ) ) ) Civil Action No. 14-877-LPS-CJB ) ) ) ) ) ) |

**REPORT AND RECOMMENDATION**

1. Presently pending in this patent infringement case is Defendant Glenmark Pharmaceuticals Inc., USA's ("Glenmark" or "Defendant") "Motion for Leave to Amend its Answer, Affirmative Defenses, and Counterclaims[,]" in which Glenmark seeks to plead two additional affirmative defenses: (1) equitable estoppel; and (2) laches (the "motion to amend"). (D.I. 161) For the reasons set out below, the Court recommends that Glenmark's motion to amend be DENIED.[1]

2. Federal Rule of Civil Procedure Rule 15(a) ("Rule 15(a)") provides that, other than in certain circumstances where a party may amend a pleading as a matter of course, a party

---

[1] Motions for leave to amend pleadings are typically treated as non-dispositive motions within the pretrial powers of a Magistrate Judge on referral. *Smith v. Delaware*, Civ. No. 07-600-JJF-LPS, 2009 WL 2175635, at *1 n.2 (D. Del. July 21, 2009); *Chase Manhattan Bank v. Iridium Africa Corp.*, No. Civ. A. 00-564 JJF, 2004 WL 725213, at *1 (D. Del. Mar. 29, 2004). However, given the potential consequences that denial of permission to assert a claim or defense may have on the outcome of a civil action, this Court has treated denial of the motion to amend as case-dispositive. *Smith*, 2009 WL 2175635, at *1 n.2; *Chase Manhattan Bank*, 2004 WL 725213, at *1. In light of this authority and the outcome here, the Court will treat this motion as dispositive, and thus issue a "Report and Recommendation."

may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule further explains that a court should "freely give leave [to amend the pleadings] when justice so requires." *Id.* However, in cases where a party moves to amend the pleadings after a deadline imposed by a scheduling order, such that granting the motion to amend would effectively require a modification of the order, Federal Rule of Civil Procedure 16(b)(4) ("Rule 16(b)(4)" or "Rule 16(b)") is implicated. In such cases, the movant must first show "good cause" to justify such a modification. Fed. R. Civ. P. 16(b)(4); *see also Invista N. Am. S.A.R.L. v. M&G USA Corp.*, 35 F. Supp. 3d 583, 611 & n.31 (D. Del. 2014); *Paoli v. Stetser*, Civil Action No. 12-66-GMS-CJB, 2013 WL 2154393, at *2 (D. Del. May 16, 2013) (citing cases), *report and recommendation adopted*, 2013 WL 2571380 (D. Del. June 10, 2013); *see also Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 & n.18 (3d Cir. 2000) (affirming district court's denial of plaintiff's motion to amend the operative complaint, where the plaintiff failed to show good cause under Rule 16(b) to modify the scheduling order).

3. Here, Glenmark filed its motion to amend on October 13, 2016, (D.I. 161), roughly eight months after the February 15, 2016 deadline for the amendment of pleadings set out in the Scheduling Order, (D.I. 37 at ¶ 2). Accordingly, it is not disputed that in order to prevail on its motion, Glenmark must first, as a threshold matter, satisfy the "good cause" standard set out in Rule 16(b)(4).[2] (D.I. 168 at 1; D.I. 172 at 1) Rule 16 authorizes courts to

---

[2] If the movant makes a showing of good cause, the party's motion to amend may then be considered under Rule 15(a). *See Intellectual Ventures I LLC v. Toshiba Corp.*, Civ. No. 13-453-SLR, 2016 WL 4690384, at *1 (D. Del. Sept. 7, 2016) ("Only after having found the requisite showing of good cause will the court consider whether the proposed amended pleading meets the standard under [Rule 15(a)]."); *Paoli*, 2013 WL 2154393, at *3 (same). In line with the requirements of Rule 15(a), the United States Court of Appeals for the Third Circuit has adopted a liberal approach in allowing amendments, in order to ensure that "claim[s] will be

2

enter scheduling orders for actions, and the rule's purpose is to "provide for the judicial control over a case, streamline proceedings, maximize the efficiency of the court system, and actively manage the timetable of case preparation to expedite the speedy and efficient disposition of cases." *Paoli*, 2013 WL 2154393, at *2 (citations omitted). To show good cause to modify a scheduling order, the party moving to amend a pleading must demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner. *See Invista*, 35 F. Supp. 3d at 612; *Paoli*, 2013 WL 2154393, at *2; *Cloud Farm Assoc., L.P. v. Volkswagen Grp. of Am., Inc.*, C.A. No. 10-502-LPS, 2012 WL 3069390, at *2 (D. Del. July 27, 2012). Thus, whether Rule 16(b)'s good cause requirement is met depends on the diligence of the party seeking modification, rather than on prejudice to the non-moving party. *Intellectual Ventures I LLC v. Toshiba Corp.*, Civ. No. 13-453-SLR, 2016 WL 4690384, at *1 (D. Del. Sept. 7, 2016); *Paoli*, 2013 WL 2154393, at *2; *Cloud Farm Assoc.*, 2012 WL 3069390, at *2. Courts have found that good cause is not shown "when a party was aware of the facts that would lead it to amend and failed to act on [them]." *Paoli*, 2013 WL 2154393, at *2 (internal quotation marks and citation omitted); *cf. Carrier Corp. v. Goodman Global, Inc.*, 49 F. Supp. 3d 430, 433 (D. Del. 2014).

---

decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *see also Aerocrine AB v. Apieron Inc.*, Civ No. 08-787-LPS, 2010 WL 1225090, at *7 (D. Del. Mar. 30, 2010). The "factors [that a court should] consider in weighing a motion for leave to amend are well-settled: (1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile." *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, Civ. No. 11-54-SLR, 2012 WL 2365905, at *2 (D. Del. June 21, 2012) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In light of the Court's conclusion below that Glenmark has not demonstrated good cause, an analysis under Rule 15(a) is unnecessary here.

4. Plaintiffs GlaxoSmithKline LLC ("GSK") and SmithKline Beecham (Cork) Limited's (collectively, "Plaintiffs") operative pleading in this matter is the Second Amended Complaint, which was filed on August 26, 2015. (D.I. 59) Glenmark filed its responsive Answer, Affirmative Defenses, and Counterclaims a few weeks later, on September 9, 2015, in which it specifically pleaded three affirmative defenses but did *not* assert the affirmative defenses of equitable estoppel or laches. (D.I. 61) Meanwhile, in a related action filed by Plaintiffs against Teva Pharmaceuticals USA, Inc. ("Teva"), *GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 14-878-LPS-CJB (the "*Teva* Action"), Teva filed its Answer to Plaintiffs' Second Amended Complaint on February 9, 2016, one week before the deadline to amend. (*Teva* Action, D.I. 105)[3] Teva's Answer asserted, *inter alia*, affirmative defenses of equitable estoppel and laches. (*Id.* at ¶¶ 93-109; *see also* D.I. 162 at 1)

5. It is reasonable to conclude that diligent counsel, acting on behalf of Glenmark, at a minimum: (1) should have been aware of the February 15, 2016 deadline for amendment of the pleadings; and (2) in light of this impending deadline and counsel's knowledge of the facts of the case, should have assessed, well prior to the expiration of that deadline, whether Glenmark had a basis to assert the defenses of equitable estoppel and laches. This is especially true here, where no one is arguing that the factual bases allegedly supporting these two defenses have only recently been discovered. Rather, Glenmark's proposed defenses are based on facts that have

---

[3] The *Teva* Action and the instant action are related cases, in that Plaintiffs assert the same patent-in-suit against both Teva and Glenmark in the respective cases. Plaintiffs filed both suits on the same day and the cases have proceeded on a consolidated pre-trial schedule thereafter.

existed (and have been known to the parties) for quite some time.[4] *See, e.g., Leader Techs., Inc. v. Facebook, Inc.*, Civil Action No. 08-862, 2010 WL 2545959, at *4 (D. Del. June 24, 2010) (finding that the movant failed to show that good cause existed to amend its existing false marking counterclaim, where the movant possessed documents providing the factual basis for such a claim well before the expiration of the deadline to amend).

6. Additionally, it is notable that Glenmark and Teva are the only two defendants in these two related actions. And as GSK notes, the two entities have often litigated their cases together.[5] (D.I. 168 at 1-2) It is therefore also reasonable to conclude that on or around February 9, 2016, diligent counsel, acting on behalf of Glenmark, should have been aware that Teva had filed its Answer (asserting the defenses of equitable estoppel and laches) and should have reviewed that pleading. This would have provided an additional reason why Glenmark should have been aware of the need to add these same defenses before the deadline for amendment passed.

7. Moreover, even if Glenmark's failure to add these defenses by the February 15,

---

[4] More specifically, Glenmark's proposed laches defense is based on the fact that more than six years passed between the date that the asserted patent issued (January 8, 2008) and the date that GSK filed suit against it (July 3, 2014), (*see* D.I. 162, ex. 2 at 25-26), facts that should have been known to Glenmark since July 7, 2014, when it was served with GSK's original Complaint, (*see* D.I. 1 at ¶ 23; D.I. 5 at 2). Glenmark's proposed equitable estoppel defense is based on facts and allegations relating to the issuance of the asserted patent, (*see* D.I. 162, ex. 2 at 26-27), facts and allegations that were referenced in GSK's Second Amended Complaint, which was filed on August 26, 2015 (almost six months before the deadline to amend pleadings), (*see, e.g.*, D.I. 59 at ¶¶ 28-31, 33, 40, 50).

[5] For example, Glenmark and Teva filed similar motions to dismiss Plaintiffs' original Complaint, (D.I. 10; *Teva* Action, D.I.10), argued those motions together, (D.I. 36), filed joint claim construction briefs, (D.I. 74, 84), argued claim construction together, (D.I. 118), and "jointly deposed witnesses, jointly disclosed experts, and jointly served opening expert reports related to the asserted patent[,]" (D.I. 168 at 2).

2016 deadline did not demonstrate a lack of diligence, its failure to do so over the next eight months surely does. In the interval, fact discovery closed, expert discovery began in earnest and the case moved much closer to trial. If new defenses were to be litigated in this matter, at a minimum, Glenmark should have moved to add them well before the filing of the instant motion. *See Carrier Corp.*, 49 F. Supp. 3d at 433 (denying defendant's motion for leave to amend its answer where the inequitable conduct claim it sought to add "rest[ed] on a document produced nearly seven months prior to the filing of the motion" and its motion was filed "ten months after the deadline to amend the pleadings").

8. Glenmark argues that good cause nevertheless exists here because it retained new counsel in September 2016. It explains that new counsel, after reviewing the case, quickly determined that "these defenses were justified by the facts of the case but had not been pled[,]" and that new counsel thereafter acted promptly in seeking the instant amendment. (D.I. 172 at 1; *see also* D.I. 162 at 2)

9. The case law is clear, however, that after the party's lack of diligence has otherwise been established, new counsel's entry into a case does not serve as a magic wand that enables the party to conjure up a showing of good cause. *See, e.g., Patel v. Pandya*, Civil Action No. 14-8127 (WJM), 2016 WL 6902396, at *5 & n.8 (D.N.J. Nov. 22, 2016) (finding that the movant's argument that its new counsel assessed the "'central facts of this litigation and recognized certain causes of action that were always there'" did not establish good cause to amend under Rule 16(b)(4)) (internal citation omitted); *Lyden v. Hogan Dedicated Servs., LLC*, Case No. 15-9289-CM, 2016 WL 6778941, at *2 (D. Kan. Nov. 16, 2016) (noting that "[a] change in legal strategy or the errors of past counsel do not equate to due diligence" and finding

that the movant therefore failed to satisfy the Rule 16(b)(4) "good cause" standard for amending its answer); *Kontarines v. Mortg. Elec. Registration Sys., Inc.*, 15-CV-2206 (ARR), 2016 WL 3821310, at *4 (E.D.N.Y. July 12, 2016) (explaining that the retention of new counsel does not constitute good cause under Rule 16(b)(4) and the "relevant inquiry is not when the plaintiff first became motivated to amend, but when he knew (or should have known) of the facts that form the basis for his new allegations"); *Banks v. City of Philadelphia*, 309 F.R.D. 287, 290-91, 293 (E.D. Pa. 2015) (concluding that previous counsel's error in failing to timely move to amend was insufficient to constitute good cause to amend plaintiff's complaint under Rule 16(b)). This approach makes good sense; as courts have explained, "[t]o find good cause simply on the basis of new counsel would be to allow a party to manufacture good cause at any time simply by switching counsel." *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 118 (E.D.N.Y. 2011) (internal quotation marks and citations omitted); *cf. Medtronic Sofamor Danek USA, Inc. v. Nuvasive, Inc.*, CASE NO. 08 CV 1512 MMA (AJB), 2010 WL 11452386, at *2 (S.D. Cal. June 25, 2010) (denying a request to amend infringement contentions by adding additional claims beyond the scheduling order deadline for such amendments, and agreeing with the non-movant that the addition of co-counsel does not constitute "'good cause[,]'" as "'[t]o hold otherwise would mean that a party could avoid the Local Rules simply by adding a lawyer to the pleadings'") (citation omitted).

      10.    In sum, the basic facts motivating Glenmark's proposed laches and equitable estoppel defenses were known to it well before the February 15, 2016 deadline for pleading amendments. Glenmark failed to act diligently in seeking to amend the pleadings to assert these defenses. And the fact that Glenmark has recently retained new counsel in the litigation does not

excuse its lack of diligence. For the foregoing reasons, the Court recommends that Glenmark's motion to amend be DENIED.

11. This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

12. The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: December 15, 2016

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE